**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARAM SARGSYAN,<br><br>      Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 09-71574<br><br>Agency No. A077-998-686<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 27, 2014[**]
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF,
Senior District Judge.[***]

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Jed S. Rakoff, Senior District Judge for the United
States District Court for the Southern District of New York, sitting by designation.

Aram Sargsyan (Sargsyan), a native of Armenia, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

The BIA did not abuse its discretion in denying Sargsyan's motion to reopen as untimely and number-barred. First, the instant motion was Sargsyan's third motion to reopen, and was filed more than six years after the BIA's final order of removal, exceeding the time and numerical limitations on motions to reopen. *See* 8 U.S.C. § 1229a(c)(6)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Second, Sargsyan did not establish that his motion qualified for the changed country conditions exception to the filing limitations, because much of the evidence presented related to events that happened before his original asylum hearing and he failed to show why he was unable to present this evidence earlier, and the remaining evidence only demonstrated changes in personal circumstances, without showing that conditions in Armenia had changed.

We lack jurisdiction to consider the BIA's discretionary decision whether to reopen proceedings *sua sponte*. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (citing *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002)).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**